Filed 5/23/23 P. v. Guzman CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B323309 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA120225) |
| v. | |
| GARDENIA GUZMAN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Juan Carlos Dominguez, Judge. Affirmed.

Kevin D. Sheehy, under appointment by the Court of Appeal, for Defendant and Appellant.

No Appearance for Plaintiff and Respondent.

_____

## INTRODUCTION

After initially being charged with murder, defendant Gardenia Guzman pleaded no contest to voluntary manslaughter pursuant to a plea agreement. After she was sentenced in accord with her plea agreement, she filed a petition for resentencing under Penal Code[1] section 1172.6 (former section 1170.95[2]). The trial court denied her petition and she now appeals that decision. Her appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), identifying no issues on appeal and requesting that we independently review the record for possible error.

Guzman filed a supplemental brief raising four arguments, none of which addresses the merits of her resentencing petition. Instead, her arguments all relate to the length of the sentence imposed pursuant to her plea agreement. The issues raised by Guzman are outside the scope of a section 1172.6 resentencing proceeding, and fail to demonstrate any error in the court's denial of her petition. Accordingly, we affirm.

## BACKGROUND

On January 25, 2019, Guzman stabbed her father to death after the two had an argument in their apartment.

On December 2, 2019, the People charged Guzman with murder (§ 187, subd. (a)), alleging that she personally used a

---

[1] All further statutory references are to the Penal Code.

[2] The Legislature renumbered the statute as section 1172.6, with no change in text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10). For ease of reference, we use the current citation at section 1172.6 throughout this opinion.

knife in the crime (§ 12022, subd. (b)(1)). Guzman was also charged with having suffered a prior conviction which was a "serious and/or violent felony" within the meaning of sections 667, subdivision (d) and 1170.12, subdivision (b) and a "serious felony" within the meaning of section 667, subdivision (a)(1).

On September 30, 2020, as part of a plea deal, the People moved to amend the information to add a voluntary manslaughter count (§ 192, subd. (a)). The prosecutor informed the court that the People were moving to amend due to issues of proof related to the credibility of the only eyewitness, Guzman's mother. The trial court granted the amendment and dismissed the murder charge. Guzman agreed to waive her trial rights and pleaded no contest to the voluntary manslaughter charge; she also admitted the prior conviction for a "serious or violent" felony (§§ 667, subd. (d) and 1170.12, subd. (b)) and a "serious felony" (§ 667, subd. (a)(1)). The court found a factual basis for the plea and accepted both the plea and Guzman's waivers on the record, finding them to have been knowingly, intelligently, and voluntarily made.

That same day, in accordance with the plea, the court imposed a prison sentence of 17 years, based on the middle term of six years for voluntary manslaughter (§§ 192, subd. (a), 193, subd. (a)), doubled to 12 years due to the prior "serious or violent" felony conviction (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1)), plus an additional five years due to the prior "serious felony" conviction (§ 667, subd. (a)(1)). Guzman was given credit for time served.

On May 26, 2022, Guzman filed a resentencing petition under section 1172.6. Guzman did not request the appointment of counsel.

3

On June 22, 2022, the trial court summarily denied the petition, stating in a memorandum of decision that Guzman was "not entitled to relief as a matter of law, for the following reason: [¶] The [c]ourt file reflects that [Guzman] was charged and prosecuted on a theory of [m]alice [m]urder as the sole perpetrator and actual killer. Through plea negotiations, she plead[ed] 'No Contest' to [v]oluntary [m]anslaughter."

Guzman filed a timely notice of appeal on August 5, 2022.

## DISCUSSION

We appointed counsel to represent Guzman in this appeal. Guzman's attorney filed a brief raising no issues and requesting that we exercise our discretion to independently review the record for error pursuant to *Delgadillo*, *supra*, 14 Cal.5th 216. In *Delgadillo*, our Supreme Court established procedures for cases in which counsel determines that an appeal from an order denying postconviction relief lacks merit. In such cases, "(1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Id*. at pp. 231-232.) If the defendant does not file a supplemental brief, we "may dismiss the appeal as abandoned." (*Id*. at p. 232.) In that instance, we do "not need to write an opinion but should notify the defendant when [we] dismiss[ ] the matter." (*Ibid*.) Because a defendant who has been denied postconviction relief has no constitutional right to an appeal, we are not required to conduct an independent review of

4

the record before dismissing the appeal, but we may conduct such a review at our discretion. (*Id*. at pp. 227-228, 232.)

If the defendant does file a supplemental brief or letter, we are "required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

On March 22, 2023, we sent Guzman a letter notifying her of the no-merits brief and informing her that she had 30 days to file a supplemental brief.[3] On April 13, 2023, we received a supplemental letter brief from Guzman.

Section 1172.6 was enacted by the Legislature in 2018 as part of Senate Bill No. 1437 (2017-2018 Reg. Sess.). The overall purpose of the legislation was "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) To accomplish this, the bill added section 189, subdivision (e) "to amend the felony-murder rule," and added section 188, subdivision (a)(3) "to amend the natural and probable consequences doctrine." (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843.)

---

[3] In a declaration submitted with the brief he filed, Guzman's counsel averred that on March 21, 2023, he sent Guzman a copy of the brief along with a copy of the entire record on appeal.

As relevant here, section 1172.6 provides a mechanism for a defendant to seek resentencing where they plead guilty to manslaughter after being charged with murder under a theory that is no longer tenable after the amendments to sections 188 and 189 and they could not be convicted of murder under the present law. (§ 1172.6, subd. (a).) Guzman, however, pleaded guilty to manslaughter in a situation where she was the actual killer; she was not convicted under any theory in which malice was imputed to her. Section 1172.6 thus has no application to her case, and the trial court did not err in summarily denying her resentencing petition.

Guzman raises four arguments in her supplemental brief, but none relate to the denial of her petition for resentencing. Instead, they all relate to alleged improprieties in her original sentencing. Guzman first argues that the court failed to consider several factors listed in Senate Bill No. 81 (2021-2022 Reg. Sess.) when sentencing her; Senate Bill No. 81 concerns a trial court's authority to dismiss enhancements. (Stats. 2021, ch. 721, § 1; see § 1385, subd. (c) [amended by Senate Bill No. 81].) Guzman next contends the court should not have applied the enhancements to her sentence. In her third argument, she complains that her sentence was "[e]xcessive" and violated "double jeopardy," and she contends that her counsel rendered ineffective assistance. Guzman's fourth argument is premised on section 1025, which concerns allegations that a defendant has suffered a prior conviction.

Guzman did not appeal her conviction or sentence. Even if she had, the issues she could have raised in such an appeal were limited given that she pleaded guilty. Without a certificate of probable cause, which Guzman has never obtained, a defendant

6

who appeals following a no contest plea pursuant to a plea agreement may only challenge the denial of a motion to suppress evidence (which did not occur in this case) or raise grounds arising after the entry of the plea that do not affect the validity of the plea. (§ 1237.5; Cal. Rules of Court, rule 8.304(b); *People v. Johnson* (2009) 47 Cal.4th 668, 676-677 & fn. 3.) Notably, "a certificate of probable cause is required if the challenge goes to an aspect of the sentence to which the defendant agreed as an integral part of a plea agreement." (*Johnson*, *supra*, at p. 678; see *People v. Cuevas* (2008) 44 Cal.4th 374, 382 [concluding the defendant could not appeal his sentence without a certificate of probable cause because by "challenging the very sentence he negotiated as part of the plea bargain" he was, "in substance, . . . attacking the validity of his plea"].) Here Guzman agreed to plead no contest to voluntary manslaughter and be sentenced to 17 years, based on the midterm of six years for voluntary manslaughter and two separate enhancements for her prior felony conviction. Thus, Guzman cannot challenge the length of her sentence (including the sentencing enhancements that make up part of that sentence) without a certificate of probable cause.[4]

Nor are any of Guzman's arguments cognizable in a proceeding for postconviction relief under section 1172.6. In her supplemental brief, Guzman does not argue she was charged with murder under a theory that is now invalid as a result of the amendments to sections 188 and 189, nor does she dispute the

_____

[4] We decline to address Guzman's claims of ineffective assistance of counsel regarding her underlying conviction and sentence. Such claims of ineffective assistance are "more appropriately decided in a habeas corpus proceeding." (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.)

7

trial court's finding that she was ineligible for relief under section 1172.6 because she "was charged and prosecuted on a theory of [m]alice [m]urder as the sole perpetrator and actual killer." (See *People v. Strong* (2022) 13 Cal.5th 698, 710 ["Senate Bill [No.] 1437 relief is unavailable if the defendant was . . . the actual killer"].) Thus, Guzman's challenge to the trial court's order necessarily fails. Finally, we decline counsel's request that we independently review the record, as nothing before us suggests such an exercise is necessary. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

The trial court's order denying Guzman's petition for resentencing is affirmed.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.

8